IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRACY NIXON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:19-CV-1544-L** |
| | § | |
| MARY BROWN, Judge; KEN PAXTON, | § | |
| The Attorney General of the State of | § | |
| Texas; and KIMBERLYN RHYNES, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Tracy Nixon's ("Plaintiff") Ex Parte Motion for Temporary Restraining Order (Doc. 6), filed July 5, 2019. Plaintiff moves the court to enjoin the enforcement of a state court order, issued by Judge Mary Brown, that requires Plaintiff to pay a child support and medical support obligation. Plaintiff, furthermore, asks the court to enjoin the defendants from placing a lien against her.

The court determines Plaintiff's Ex Parte Motion for Temporary Restraining Order (Doc. 6) should be dismissed without prejudice because it does not have subject matter jurisdiction under the *Rooker-Feldman* doctrine or the Anti-Injunction Act. The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine derives from two Supreme Court cases: *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and bars a district court from exercising subject matter jurisdiction when the federal plaintiff seeks to overturn a state judgment. *See Exxon Mobil Corp.*, 544 U.S. at 291. In this case, the doctrine

**Memorandum Opinion and Order – Page 1**

applies because Plaintiff seeks to overturn a state judgment requiring her to pay child support and medical support obligations. The court, therefore, lacks subject matter jurisdiction to provide the requested relief.

The Anti-Injunction Act similarly prohibits federal courts from interfering with proceedings in state court. *Health Net, Inc. v. Wooley*, 534 F.3d 487, 493 (5th Cir. 2008). The statute states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Here, as stated, Plaintiff requests the court to enjoin the enforcement of a valid state judgment, rather than appeal it in a Texas court. *See Knoles v. Wells Fargo Bank, N.A.*, 513 F. App'x. 414, 416 (5th Cir. 2013).

For the reasons herein stated, the court **denies** Plaintiff's Ex Parte Motion for Temporary Restraining Order (Doc. 6) and **dismisses without prejudice** this action for lack of subject matter jurisdiction. As Plaintiff's Complaint (Doc. 9) solely seeks a declaratory judgment from the court identical to the relief sought in the Ex Parte Motion for Temporary Restraining Order, the court **directs** the clerk to terminate this action.

**It is so ordered** this 9th day of July, 2019.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge